**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JOSE SALAZAR CARRENO**                                                    **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 5:20-cv-44-KS-MTP**

**SHAWN R. GILLIS**                                                     **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Jose Salazar Carreno's Petition for Writ of Habeas Corpus [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Court grant the Petition [1] and order the Petitioner be deported or released from Immigration and Customs Enforcement ("ICE") custody within thirty days of a favorable ruling on the Petition [1].

## BACKGROUND

Petitioner Jose Salazar Carreno is a citizen of Venezuela who was paroled[1] into the United States on or about October 12, 2018. *See* [8-1] at 1. On March 12, 2019, he was convicted of Failure to Heave[2] in the United States District Court for the Southern District of Florida and sentenced to a year and one day of imprisonment. *Id*. On August 23, 2019, ICE took custody of Petitioner. *Id*.

---

[1] "Parole is not an admission into the United States…and does not provide the alien with any lawful status. When an alien is allowed to be paroled into the United States, he or she is still deemed to be an applicant for admission…and terminates automatically upon the expiration of the authorized parole period or upon the alien's departure from the United States." U.S. Citizenship and Immigration Services, https://www.uscis.gov/policy-manual/volume-10-part-b-chapter-2 (last visited Dec. 11, 2020).

[2] "It shall be unlawful for the master, operator, or person in charge of a vessel of the United States, or a vessel subject to the jurisdiction of the United States, to knowingly fail to obey an order by an authorized Federal law enforcement officer to heave to that vessel." 18 U.S.C. § 2237(a)(1).

On February 21, 2020, Petitioner filed the instant Writ of Habeas Corpus [1] asserting his continued detention in ICE custody is unlawful since he has been detained beyond the presumptively reasonable six months outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner seeks release from immigration custody.

## ANALYSIS

In his Petition for Writ of Habeas Corpus [1], Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas*, 533 U.S. at 701. The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien. *Id*. The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months. *Zadvydas*, 533 U.S. at 701. This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

"[D]etermining what the 'reasonably foreseeable future' really is, is a factual determination to be undertaken by the habeas court looking into the circumstance and detention length of each individual petitioner." *Kane v. Mukasey*, 2008 WL 11393137, at *4 (S.D. Tex. Aug. 21, 2008), *superseded by Kane v. Mukasey*, 2008 WL 11393094 (S.D. Tex. Sep. 12, 2008) (finding habeas petition was moot after petitioner was deported). "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). This burden does not require the alien to show that deportation

will prove "impossible" or "show the absence of any prospect of removal—no matter how unlikely or unforeseeable . . . ." *Zadvydas*, 533 U.S. at 702.

"In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019) (internal quotations and citation omitted). However, "an alien's claim must be supported by more than mere speculation and conjecture." *Id*. (internal quotations and citation omitted). Once the alien has met his initial burden, the burden shifts to the Government to "respond with evidence sufficient to rebut the alien's showing." *Zadvydas*, 533 U.S. at 701.

As noted above, Petitioner argues that his continued detention is presumptively unreasonable under *Zadvydas*. *See* [1] at 2. In support of his argument, Petitioner states that he has been detained and subject to a final order of removal since August 14, 2019. *Id*. Thus, the length of Petitioner's confinement is well in excess of the six-month presumptively reasonable period prescribed by the Supreme Court in *Zadvydas*.

Petitioner alleges that Venezuela has broken off diplomatic relations with the United States. *See* [2-3]. Petitioner also maintains that he has fully cooperated with removal efforts by providing a copy of his passport, his ID card, a signature, and his fingerprints. *See* [2] at 1. Petitioner's cooperation with ICE resulted in the procurement of a travel document for Petitioner on March 13, 2020, but he remains in the United States.[3] *See* [8-1] at 2. Therefore, Petitioner has met his initial burden under *Zadvydas* to demonstrate that removal is not likely in the foreseeable future. *See Galtogbah v. Sessions*, 2019 U.S. Dist. LEXIS 137399, 2019 WL

---

[3] https://locator.ice.gov/odls/#/results (last visited December 11, 2020).

3766280, at *2 (W.D. La. June 18, 2019) ("In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future.").

Accordingly, the burden now shifts to the Government to rebut Petitioner's showing. In Response [8], Respondent argues that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondent's argument relies upon a Declaration by Patrick McCallion, an ICE Deportation Officer. In the declaration, McCallion states that ICE has a travel document from the Embassy of Venezuela, and he believes that "Petitioner's removal would be imminent." *See* [8-1] at 21. ICE notes that the Government received travel documents for Petitioner on March 13, 2020. *See* [8-1] at 2. However, the document expired on June 13, 2020, and Petitioner is still detained at ACDC. The record indicates that during the almost sixteen months of Petitioner's detention, ICE has been unable to remove Petitioner from the country despite the fact that ICE received a travel document nine months ago.

The date of the supporting declaration also undermines its credibility. The declaration, signed on April 28, 2020, states that it is McCallion's belief that Petitioner's removal is "imminent." *See* [8-1] at 2. Almost eight months have passed since McCallion stated that Petitioner's removal was "imminent," but Petitioner remains in ICE custody.

"[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." *Kane*, 2008 WL 11393137 at *5; *see also Andreasyan v. Gonzalez*, 446 F. Supp. 2d 1186, 1189-90 (W.D. Wash. 2006) (finding that respondent had not rebutted petitioner's showing that he

4

would not be removed when respondent repeatedly asked for "a few more weeks" to obtain travel documents). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur— or even that it might occur— in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019).

With no significant likelihood of removal in the foreseeable future, Petitioner's detention is now unreasonable. *See Ali v. Dep't of Homeland Sec.*, 2020 WL 1666074 (S.D. Tex. Apr. 2, 2020) (granting writ when petitioner could not be removed due to travel restrictions to Pakistan). After more than a year of detention, "Petitioner's removal need not necessarily be imminent, but it cannot be speculative." *Hassoun v. Sessions*, 2019 WL 78984, at *6 (W.D.N.Y. Jan. 2, 2019).

As Respondent has not met his burden to show that continued detention is justified, Petitioner must be deported or released. "[T]he alien's release may and should be conditioned on any of the various forms of release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 700; *see also Okwilagwe v. I.N.S.*, 2002 WL 356758 (N.D. Tex. Mar. 1, 2002) (granting writ of habeas corpus but setting conditions of alien's release).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. The Petition [1] be GRANTED.
2. The Court order Immigration & Customs Enforcement to deport Petitioner or release him subject to appropriate conditions of supervision, to be determined by Immigration & Customs Enforcement, within thirty days of the Court's order granting the Petition [1].

**RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 16th day of December, 2020.

s/ Michael T. Parker
United States Magistrate Judge
